UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-81251-CIV-REINHART

WYNDHAM VACATION OWNERSHIP, INC., et. al,

    Plaintiffs,

v.

U.S. CONSUMER ATTORNEYS, P.A., et. al.

    Defendant.

_____/

**ORDER ON MOTION TO SUBSITUTE CONRAD SUSSMAN AS PARTY [DE 136]**

Robert Sussman is a party defendant. He died on April 16, 2019. DE 94. Plaintiffs seek to substitute his son as a party defendant. DE 136. Defendants US Consumer Attorneys, P.A., Henry Portner, Pluto Marketing, Inc., and 1Planetmedia, Inc. (the Objecting Defendants) oppose the Motion to Substitute. DE 143. The Objecting Defendants argue that Conrad Sussman is not the proper substituted party and that some of the claims against Robert Sussman do not survive his death.

Federal Rule of Civil Procedure 25(a) controls substitution of a party following a death. It states:

**(a) Death.**

(1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

(2) *Continuation Among the Remaining Parties.* After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the

> action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>
> (3) *Service.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25. This matter is not ripe for decision because Plaintiffs have not effectuated service under Federal Rule of Civil Procedure 4.

Service on the putative new party is a condition precedent to this Court taking any action on the Motion to Substitute. Until service occurs, the Court lacks jurisdiction over Conrad Sussman. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. '[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'" *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd* 484 U.S. 97, 104 (1987) (citation omitted). "A court without personal jurisdiction is powerless to take further action." *Posner v. Essex Ins. Co.,* 178 F.3d 1209, 1214 n.6 (11th Cir. 1999). For this reason, the Court denies Plaintiffs' request to "conditionally grant this Motion to Substitute pending Plaintiffs' effectuation of service on Conrad Sussman." DE 147 at 7.

Independently, the requirements of Rule 25(a)(3) have not been satisfied. Rule 25(a)(3) requires that the "motion to substitute, together with a notice of hearing, must be served on . . . the nonparties as provided in Rule 4." Plaintiffs concede that this requirement has not been met. DE 147 at 7. Plaintiffs may refile their Motion to Substitute after Conrad Sussman is served.[1]

---

[1] The Court notes, without deciding, that the Objecting Defendants do not appear to have standing to object to the Motion to Substitute insofar as they have not articulated how granting the relief sought in the motion would affect their personal rights. *See* Warth v. Seldin, 422 U.S. 490, 499 (1975) (a party "cannot rest his claim to relief on the legal rights or interests of third parties.").

WHEREFORE, the Motion to Substitute Conrad Sussman as Successor to Robert Sussman, As Party Defendant is DENIED WITHOUT PREJUDICE.

**DONE AND ORDERED** in Chambers this 22nd day of August, 2019, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE